sus pursuant to 13 U.S.C. § 181 are not the equivalent under federal law of a census, either decennial or special, and I find no indication that the Idaho legislature ever intended that the issuance of liquor licenses pursuant to I.C. § 23–903 be based on such estimates rather than an official census.

Regarding the majority's reliance on the rule that administrative construction of a statute is entitled to weight in determining its meaning, this Court stated in *Ware v. Idaho State Tax Commission,* 98 Idaho 477, 481, 567 P.2d 423, 427 (1977) that, "Whether or not an administrative construction of legislative language is correct is ultimately a question for judicial decision, especially where, as here, the language is devoid of any ambiguity." Here, there is no ambiguity in the requirement that the number of licenses issued shall be on a population basis based upon "the last preceding census, or any subsequent special census . . . ." Therefore, this Court should do as we did in *Ware* and follow the express wording of the statute.

I conclude therefore that the license at issue in this case was improperly issued and that the judgment of the district court must be reversed.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

Before SHEPARD, C. J., and McFADDEN, DONALDSON, BAKES and BISTLINE, JJ.

PER CURIAM.

Defendant-appellant Dixon Douglas Curley was charged by criminal complaint on August 17, 1976, with first degree murder of a police officer. The jury rendered its verdict of guilty on February 18, 1977. The district court entered judgment and sentence of death on March 22, 1977. Stay of execution was entered pending appeal.

The issues raised in this appeal were considered and decided in *State v. Lindquist,* 99 Idaho 766, 589 P.2d 101 (1979), wherein the statute under which Curley was sentenced was held by a divided court to be unconstitutional. The sentence is therefore set aside and the cause remanded for resentencing in accordance with the opinion in *Lindquist.*

595 P.2d 316

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Dixon Douglas CURLEY, Defendant-Appellant.**

No. 12590.

Supreme Court of Idaho.

May 23, 1979.

William H. Mulberry, Pinehurst, for defendant-appellant.

595 P.2d 316

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Jon MACHEN, Defendant-Appellant.**

No. 12737.

Supreme Court of Idaho.

May 23, 1979.

